# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 18, 2012

## STATE OF TENNESSEE v. JAMES EVERETT FERRELL

**Direct Appeal from the Circuit Court for Cannon County**
**No. 728      J. Mark Rogers, Judge**

**No. M2011-00870-CCA-R3-CD - Filed June 27, 2012**

After a bench trial, the Cannon County Circuit Court convicted the appellant, James Everett Ferrell, of violating the seatbelt law, second offense, and fined him twenty dollars. On appeal, the appellant contends that the trial court lacked jurisdiction because the court tried his case without a warrant and because the citing officer did not file an affidavit of complaint. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

James Everett Ferrell, Morrison, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; and William C. Whitesell, Jr., District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The record reflects that on November 27, 2010, the appellant was stopped and cited for violating the seatbelt law, second offense; failure to provide proof of insurance; and violating the child restraint law. On January 24, 2011, the Woodbury City Court found him guilty of the seatbelt violation, fined him twenty dollars, and dismissed the remaining charges. The appellant appealed to the Cannon County Circuit Court. After a bench trial, the Cannon County Circuit Court convicted him of violating the seatbelt law, second offense,

and fined him twenty dollars.

The appellant timely appealed to this court, arguing that the Cannon County Circuit Court lacked jurisdiction because the court tried his case without a warrant and because the citing officer did not file an affidavit of complaint. The State filed a motion to dismiss, arguing that the record was inadequate for review. On January 4, 2012, this court filed an order, noting that the appellant failed to include a transcript of the bench trial in the record on appeal. Nevertheless, this court stated that the appeal "shall proceed on the record currently before the Court," denied the State's motion to dismiss "at this time," and directed the State to file its responsive brief. This court also directed the appellant to produce all future filings on letter-size paper pursuant to Rule 20, Tennessee Rules of Appellate Procedure. Subsequently, the State filed its responsive brief. The State maintains that this court should dismiss the appeal because the appellant failed to include the trial transcript with the appellate record. The State also contends that this court should dismiss the appeal because the appellant failed to cite to any authority and that, in any event, this court should affirm the conviction because no affidavit of complaint was required. The State does not address the appellant's claim that the trial court lacked jurisdiction because the court tried him without a warrant.

## II. Analysis

The appellant argues that the Cannon County Circuit Court lacked jurisdiction because no warrant was filed as required by Tennessee Code Annotated section 55-10-305 and because the citing officer did not file an affidavit of complaint. Initially, we note that despite this court's order directing the appellant to produce all future filings on letter-size paper, the appellant has blatantly disregarded the order and filed his latest brief and attachments on legal-size paper. He also has neglected to supplement the appellate record with the trial transcript. The appellant carries the burden of ensuring that the record on appeal conveys a fair, accurate, and complete account of what has transpired with respect to those issues that are the bases of appeal. Tenn. R. App. P. 24(b); see also Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997). "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Finally, as noted by the State, he has failed to cite to any authority in support of his arguments as required by Rule 27(a)(7), Tennessee Rules of Appellate Procedure. See also Tenn. Ct. Crim. App. R. 10(b).

In any event, Tennessee Code Annotated section 55-10-305 provides that "[n]o judge shall try any case except upon warrant duly prepared in the form required by law." The scant record before us reflects that a police officer stopped the appellant and cited him for violating the seatbelt law, second offense; failure to provide proof of insurance; and violating the child

restraint law. The appellant was issued a misdemeanor citation in lieu of arrest. Therefore, no warrant was required in this case. Moreover, as noted by the State, Tennessee Code Annotated section 55-10-207(c) provides,

> Whenever a traffic citation has been prepared, accepted, and the original citation delivered to the court as provided herein, the original citation delivered to the court shall constitute a complaint to which the person cited must answer and the officer issuing the citation shall not be required to file any other affidavit of complaint with the court.

Therefore, the citing officer was not required to file an affidavit of complaint, and we find no merit to the appellant's claim that the trial court lacked jurisdiction.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE